BEN C. DOHERTY & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10300. Promulgated April 24, 1928.

*James W. Wayman, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

814

OPINION.

LOVE: The first issue to be discussed is whether or not petitioner, for the fiscal year ended August 31, 1920, had the legal right to

revise its inventory made at the close of that year from a cost basis, which had been the basis used in prior inventories, to a basis of cost or market, whichever was lower.

The facts are that the inventory on the cost basis showed an aggregate value, approximately, of $72,000. With reference to the ten items of merchandise in that inventory, petitioner's manager knew that market prices had materially declined during the year and since the purchase of those articles. At the time of taking that inventory, the manager did not know that it could be, legally, taken on any other basis than cost. He thereafter was informed that he was permitted to take it on a cost or market basis. He then revised said inventory. The prices on those ten articles as asked by the various jobbers were not uniform, but varied materially. Petitioner's manager had a number of such price lists, together with invoices of goods purchased within the past six months. These prices were averaged and he used such average as market, and reduced cost to conform to such market prices.

Did he have a legal right to pursue that course? The rule generally adhered to by this Board and the courts, and insisted on by the Commissioner, is that a uniform method of taking inventory from year to year must be adhered to. Section 203 of the Revenue Act of 1918 says:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Article 1582 of the Commissioner's Regulations 45, promulgated under the Act above quoted, prescribes certain rules relative to valuation of inventories, one clause of which is pertinent to the issue here involved, and is:

A taxpayer may, regardless of his past practice, adopt the basis of "cost or market whichever is lower", for his 1920 inventory, provided a disclosure of the fact and that it represents a change is made in the return.

It seems clear that for the year 1920 the petitioner had a legal right to change from its accustomed basis of cost to cost or market, whichever was lower. While reductions were made in only ten articles, other articles were considered, and if any other articles could have been, and were not, reduced, the petitioner and not the respondent was the loser. On this issue the action of the Commissioner is overruled. See *Leighton Supply Co.*, 7 B. T. A. 99; *California Canneries Co.*, 2 B. T. A. 109; *Summit Wholesale Grocery Co.*, 1 B. T. A. 1040.

In regard to the issue raised by the second assignment of error, it may be here pointed out that the burden of proof is on the petitioner to establish the fact that the $10,000 borrowed from Pearce was not borrowed by the corporation, but by a stockholder, individually, and by him paid in to surplus.

The books of petitioner indicate that it was carried as a loan. There is no evidence as to whether the corporation or Doherty paid the interest to Pearce. In 1923 the corporation formally assumed the payment of the notes to Pearce and Doherty was given credit for the $10,000. If this was not a loan from Pearce to the corporation the evidence is very persuasive that it was a loan from Doherty to the corporation. On this issue the action of the Commissioner is approved.

With reference to depreciation on furniture and fixtures involved in the third assignment of error, petitioner seeks to establish cost by a reference to its return for 1919, and having learned therefrom that depreciation was taken in the amount of $561.31, that amount was deducted, leaving $3,000 which was set up on the books as a charge against furniture and fixtures account. If we should disregard the ambiguous nature of the method used in arriving at that charge of $3,000, and concede that $3,000 was actually arrived at, at the close of 1919, as the accountant concluded that it was, still the proof of the cost of furniture and fixtures is not of the character required to overcome the presumption of the correctness of the determination of the Commissioner. On this issue the action of the Commissioner is approved.

On the fourth issue it was conceded by the respondent that the amount of tax computed for 1919 and prorated and used to decrease invested capital for 1920, was $448.65 instead of $517.76. With that correction made, the action of the Commissioner on that issue is sustained. Section 1207 of the Revenue Act of 1926. *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

*Judgment will be entered on 15 days' notice, under Rule 50.*